**HUGHES, Exr v REASNEOR et**

Ohio Appeals, 2nd Dist, Darke Co

No 430.   Decided Dec 5, 1934

Thomas J. Hughes, Greenville, for plaintiff.

W. D. Spidel, Greenville, Jesse K. Brumbaugh, Greenville, Paul W. Younker, Greenville, George W. Porter, Greenville, Billingsley & Mannix, Greenville, Burl Myers, Celina, Jerome T. Miller, Dayton, and Zimmerman & Zimmerman, Springfield, for defendants.

452

## OPINION

### By THE COURT

We are in accord with the conclusions of the trial court in the main and the reasons therefor stated in the opinion. There is no doubt that the post-nuptial contract was ineffective by virtue of §8000 GC in the light of **DuBois v Coen, Executor, 100 Oh St, 17,** to bar the widow of her dower rights and distributive share and other rights accruing by law to a surviving spouse. The only question of substance in this case is whether or not this court in the application of equitable principles to the facts developed should require the widow to account for the property which she took by virtue of the post-nuptial agreement as against her share in her husband's estate under the law. We are not afforded extended citation respecting our authority in the premises. It is true that parties who are in the marital status cannot change their legal rights by contract so long as the agreement is not accompanied by actual separation of the parties. There is likewise substantial authority to effect that where a transfer of property is made under mistake of law courts will leave the parties where they found them.

It was the opinion of the trial court and it is urged by counsel for the widow that there are good and valuable considerations in the settlement agreement other than those which relate to an adjustment of the marital rights of the parties. This is true on the letter of the contract but an analysis of the facts is convincing that no consideration which is to be found within the language of the contract was met by the wife of Mr. Reasneor, except that which would be contemplated to be performed by the wife for the husband by virtue of the marital relation, save only the payment of $1.00, which is acknowledged in the instrument.

It is the contention of the widow in this court that the principal and only consideration for the agreement was the obligation on her part to care for and attend John Reasneor, brother of her husband, during his lifetime. This is at such variance with the terms of the contract and

a reasonable construction of all the facts in this case as to render such conclusion highly improbable. The trial court properly divided the considerations moving from Ethel M. Reasneor as appearing in the contract:

"1. That the same was accepted by her in lieu of all the right and interest she may have in the estate of Daniel Reasneor by law as widow and heir at law."

The facts support the conclusion that this was contemplated as a moving consideration for the benefits to Mrs. Reasneor under the agreement.

"2. That she agreed to stay and remain with party of the first part as wife until his decease, to be good and kind to him, look after him and nurse him in sickness and to drive his auto and take him where he may want to go."

This, likewise, was a named consideration and obviously fails.

"3. That she agreed to look after John Reasneor, brother of Daniel Reasneor, and see that his wants are supplied and that he has proper care and attention and to nurse and care for him in rase of sickness, and see that he has proper medical attention."

This was a valuable and a sufficient consideration to support the contract. In the trial of the cause in Common Pleas Court the proof respecting the compliance of Mrs. Reasneor with the obligations of this part of the contract was meager. In this court there is much proof on the subject.

Upon the whole the evidence requires a determination that Mrs. Reasneor did not substantially observe the obligations enjoined upon her toward John Reasneor by virtue of the written agreement.

It is not necessary to discuss the testimony which is susceptible of but one conclusion and that is contra the contention of the widow. It is true that there are "other considerations" recited in the deed but none appear and we can conceive of none under the facts in this cause.

It is, therefore, reasonable in our judgment to conclude that the moving purpose and the only substantial consideration for the agreement under consideration was the payment of $1.00 and the agreement of the wife to meet such duties as were because of the marital relation enjoined upon her

as wife. The record clearly supports the conclusion that she properly met her obligations to her husband as his wife. The whole effect, then, of the instrument was an attempt by Mr. Reasneor and his wife to effect an adjustment of all rights which might accrue to the wife under the law as widow upon the death of her husband by deeding certain real estate to her. She received this property which, according to the record, is worth approximately $13,000.00 subject to the life estate of her husband, who also collected the rents from the property.

There are equities in this cause in favor of the estate of Daniel Reasneor, his legatees and devisees which should be recognized in determining the share to which the widow of Daniel Reasneor is entitled. The widow may elect to take her share of the estate under the law and is entitled without diminution to her year's allowance and exemption, but as against her further share under the law, there should be set off the value, as of the date of March 2, 1927, of her fee in the real estate which was deeded to her by her husband under the written agreement subject to the life estate of her husband. It clearly was her purpose and the purpose of her husband that she should have no other or further interest in his estate upon his death than that which was deeded to her by virtue of the written agreement. The law prevents this agreement being made effectual but equity, in assuring to the widow that which the law contemplates she shall receive, should see to it that it only represents that to which, in good conscience and upon a fair interpretation of the spirit of the law, she is entitled.

Although we do not discuss we have considered the various issues and questions presented by the pleadings and in the briefs. Decree may be drawn in accordance with this opinion.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.